# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| 1199SEIU HEALTH CARE EMPLOYEES PENSION FUND, et al., | ) ) ) |
| Movant, | ) ) |
| v. | ) ) No. 4:23-MC-877 RLW |
| AMERICAN ASSOCIATION OF ORTHODONTICS, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Compel Nonparty American Association of Orthodontics ("AAO") to Produce Documents Pursuant to Rule 45 of the Federal Rules of Civil Procedure. (ECF No. 1). The AAO opposes the motion and it is ready for disposition. (ECF No. 2). For the reasons below, the Court will transfer this matter to the United States District Court for the Middle District of Tennessee.

## Background

This miscellaneous matter arises from a putative class-action suit pending in the United States District Court for the Middle District of Tennessee.[1] In that case, the 1199SEIU Health Care Employees Pension Fund and Bucks County Employees Retirement System ("Movants") allege that defendants made false and misleading statements in connection with SmileDirectClub, Inc.'s ("SDC") initial public offering. *See Franchi, et al. v. SmileDirectClub, Inc., et al.*, 3:19-CV-962, Amended Consolidated Complaint (ECF No. 85) (M.D. Tenn. Mar. 30, 2021).

---

[1] *Franchi, et al. v. SmileDirectClub, Inc., et al.*, 3:19-CV-962 (M.D. Tenn.).

On March 16, 2023, Movants served a subpoena for the production of documents on the AAO for various records related to SDC. (ECF No. 1-2). The AAO served its responses and objections on March 30, 2023. (ECF No. 1-1, p. 4). After months of discussion, the parties were unable to reach an agreement on the scope of the requests and the costs associated with review and production. *Id.* Movants filed the present motion on August 7, 2023. (ECF No. 1).

On September 29, 2023, SDC filed a voluntary Chapter 11 bankruptcy petition in the Southern District of Texas. *See In re: SmileDirectClub, Inc., et al.*, 23-90786 (CML) (Bankr. S.D. Tex.). Under 11 U.S.C. § 352(a), the filing of a Chapter 11 petition triggers an automatic stay of all ongoing judicial proceedings against the debtor. The District Court for the Middle District of Tennessee recognized the applicability of the automatic stay in the underlying action on October 13, 2023. *Franchi, et al.*, 3:19-CV-962 (ECF No. 158).

**Discussion**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery allowed under Rule 45 is the same as that of Rule 26. *See* Advisory Committee Notes regarding 1991 Amendments to Rule 45(a)(2) (stating a "nonparty witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). Still, nonparties should not be burdened in discovery to the same extent as the litigants themselves, and requests to nonparties should be narrowly drawn to meet specific needs for information. Therefore, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

The serving party may move for an order compelling compliance with a subpoena in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i). When the court where compliance is required did not issue the subpoena, it may transfer the motion to the issuing court under exceptional circumstances. Fed. R. Civ. P. 45(f). Rule 45(f) does not define "exceptional circumstances," but district courts that have considered the issue have looked to a number of factors, including: "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Pete v. Big Picture Loans, LLC*, No. 19-MC-00077, 2019 WL 6250715, at *1 (D. Minn. Nov. 22, 2019) (citations omitted). "In some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation[.]" *See* Advisory Committee Notes regarding 2013 Amendments to Rule 45(f).

The Court finds that exceptional circumstances exist in this case. The underlying litigation is complex and subject to an automatic stay pending resolution of SDC's bankruptcy petition. Judge Richardson is particularly and uniquely familiar with the circumstances of this case and is better situated to consider the applicability of the automatic stay to the subpoena at issue here.

### Conclusion

For these reasons, the Court will transfer this matter to the United States District Court for the Middle District of Tennessee.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Compel Nonparty American Association of Orthodontics to Produce Documents Pursuant to Rule 45 of the Federal Rules of Civil Procedure (ECF No. 1) is **TRANSFERRED** to the United States District Court for the

Middle District of Tennessee for consideration by the Honorable Eli J. Richardson in conjunction with case number 3:19-CV-962.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate the pending motion and close this matter once transfer is complete.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of November, 2023.